IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, ) ) Plaintiff, ) ) v. ) ) BURT LEWIS, INC., JOSEPH STARK and ) KATRINA STARK ) ) Defendants. ) | Case No. |

**COMPLAINT FOR INDEMNIFICATION AND SPECIFIC PERFORMANCE**

Great American Insurance Company ("GAIC"), through its undersigned counsel, sets forth the following Complaint against the Defendants, Burt Lewis, Inc. ("BLI"), Joseph Stark and Katrina Stark (the "Starks") collectively referred to as "the Defendants" or the "Indemnitors":

**PARTIES**

1. GAIC is an insurance company organized under the laws of the State of Ohio with its principal office in Cincinnati, Ohio and authorized to transact the business of suretyship in Illinois and is a citizen of the state of Ohio.

2. BLI is s corporation organized under the laws of the state of Illinois and having a principal place of business in Orland Park, Illinois, and is a citizen of the state of Illinois.

3. Joseph Stark is an individual residing in the state of Missouri and is a citizen of the state of Missouri.

4. Katrina Stark is an individual residing in the state of Missouri and is a citizen of the state of Missouri.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 as Plaintiff is a citizen of the state of Ohio, the Defendants are citizens of the states of Illinois and Missouri, and the amount in controversy exceeds $75,000.00.

6. Venue is proper in the Eastern District of Illinois pursuant to 28 U.S.C. § 1391 because performance of the contract and bond obligations that are the subject matter of this suit were to take place within this district, the Defendants conduct business within this district, and under the terms of the General Indemnity Agreement, dated March 9, 2022, the Defendants agreed that suit could be brought in this district. The General Indemnity Agreement is **Exhibit A** to this Complaint (¶ 26).

## FACTUAL BACKGROUND

7. GAIC issued surety bonds on behalf of BLI, Bonds No. 3852278, 3852279 and 4897403, which Bonds secured the obligation of BLI under the terms of purchase agreements with the obligee of the bonds, Lecoq Cuisine Corp. ("Lecoq"), to deliver butter shipments as required under the terms of purchase agreements; Lecoq paid BLI for the butter prior to delivery—the Bonds secured the refund of payment in the event of non-delivery by BLI. The Bonds are attached as **Exhibit B** to the Complaint.

8. Under the terms of the General Indemnity Agreement Defendants agreed to indemnify and hold harmless GAIC from all losses, costs and attorneys' fees incurred because of claims against the Bonds and agreed to post collateral in the amount of any claims against the bonds and fees GAIC estimated will be incurred in responding to such claims.

9. The General Indemnity Agreements provides:

*3. That the Undersigned will perform all of the obligations of any such Bond or Bonds and will at all times exonerate, indemnify and keep exonerated the Surety from and against any all*

*liability, loss, costs, damages, counsel and attorney's fees, claims, demands, suits, judgments, orders and adjudications that the Surety shall or may for any cause at any time sustain, incur or become subject to by reason of executing such Bond or Bonds, or by reason of obtaining or seeking to obtain a release therefrom or in enforcing any of the agreements herein contained.*

*...*

*6. That in the event of claim or suit against the Surety on any such Bond or Bonds the Undersigned shall immediately upon demand place the Surety in current funds sufficient to indemnify the Surety up to the full amount claimed or for which suit is brough plus potential interest, attorney's fees and costs, or for the amounts set by Surety as loss and/or expense reserves whether or not the Surety has made loss payments.....The Undersigned acknowledge that the failure of the Undersigned to immediately deposit with the Surety the sum demanded will cause irreparable harm to the Surety for which the Surety has no adequate remedy at law. The Undersigned agree that the Surety shall be entitled to injunctive relief for specific performance of any or all obligations of the Undersigned under this Agreement including the obligation to pay the Surety the sum demanded, and hereby waive defenses or claims to the contrary.*

10. The terms of the General Indemnity Agreement further provide that any funds received by Defendants in connection with the contracts covered by any Bond are trust funds. Specifically, Par. 7 states:

*7. Undersigned covenant and agree that all funds received by them or due or to become due under any contract covered by any Bond are trust funds, whether in the possession of the Undersigned or another, for the benefit of all parties to whom the Undersigned incurs obligations in the performance of the contract covered by the Bonds and/or for the benefit of, payment to or reimbursement of the Surety for any liability, loss, or expense the Surety may incur under the Bonds or in enforcing this Agreement.*

11. On March 3, 2023, Lecoq asserted a claim against the Bonds for the amount of butter shipment BLI failed to deliver and for the apparent costs of arranging for replacement shipments of $5,835,295.29. A copy of the demand letter from Lecoq is attached as **Exhibit C** to the Complaint.

12. As provided in the General Indemnity Agreement, GAIC demanded that the Defendants post collateral in the amount of $5,900,000. A copy of the demand letter to counsel for BLI dated March 9, 2023 is attached as **Exhibit D** to this Complaint.

13. As of the date of the filing of this Complaint, the Defendants have failed or refused to comply with this demand for collateral and payment for fees incurred.

14. GAIC lacks an adequate remedy at law to secure specific performance of the Indemnity Agreement and is without a plain, speedy remedy at law to secure its contractual rights before being required to pay under its Bond and will be irreparably and permanently injured with regards to its right to demand collateral prior to resolving the pending claim unless this Court grants the preliminary injunctive and equitable relief requested herein. The right to demand equitable relief also arises by virtue of the equitable doctrines of exonerations and *quia timet*. Further, unless the preliminary injunctive relief is granted, the Defendants are likely to sell, transfer, dispose, lien, secrete, or otherwise divert their assets from being used to discharge Defendants' obligations to deposit collateral, exonerate and indemnity GAIC, all to GAIC's irreparable harm. Upon information and belief, the Defendant received funds from the Claimant, which were subsequently dissipated, and that the Indemnitors breached the trust created by Paragraph 7 of the General Indemnity Agreement, thereby causing harm and damages to the Plaintiff.

15. GAIC has incurred and will continue to incur attorney fees in addressing potential claims against the Bonds and in seeking recovery from the Defendants under the General Indemnity Agreements.

## COUNT I

### BREACH OF THE INDEMNITY AGREEMENT SPECIFIC PERFORMANCE AND INJUNCTIVE RELIEF

1-15. GAIC restates and re-alleges paragraphs 1-14 as fully set above for this paragraph.

16. GAIC has fully performed its obligations under the terms of the General Indemnity Agreement.

17. The Defendants breached their obligations to GAIC by failing to deposit a collateral with GAIC, by failing to hold contract funds in trust or by otherwise failing to hold GAIC harmless.

18. GAIC is also entitled to attorneys' fees it incurs as provided in paragraph 3 of the General Indemnity Agreement.

WHEREFORE, Great American Insurance Company prays that this Court grant the following:

A. Issue a Preliminary Injunction, which includes the following:

    a. Collateralization: That the Defendant be ordered to provide collateral in the amount of $5,900,000 in cash funds, property, or liens or security interests in property, and any additional amounts as determined by GAIC as security for its obligations under the Bond;

    b. Freezing Transfers: That Defendant be immediately enjoined from transferring, disposing of, or otherwise dissipating any assets, funds, or property, wherever located, until further order of this Court.

    c. Production of Books and Records: That the Defendant be ordered to produce all books and records relating to the matters alleged in the Complaint, including but not limited to financial statements, bank records, and any other documents reflecting the disposition of funds at issue in this case.

B. Enter a judgment against the Defendants, Burt Lewis, Inc., Joseph Stark and Katrina Stark for all damages sustained by GAIC and for such further relief as the court deems appropriate.

## COUNT II
## INDEMNITY

1-15. GAIC restates and re-alleges paragraphs 1-14 as fully set above for this paragraph.

16. GAIC has fully performed its obligations under the terms of the Indemnity Agreement.

17. In the event GAIC is required to pay any portion or all of the penal sum of the Bonds before relief is allowed in Count I, the GAIC would become entitled to judgment against the Defendants for actual damages in the amount Barron County recovers from GAIC.

18. GAIC has already incurred legal fees in responding to the claim of Lecoq for which it is entitled to recovery under the terms of the General Indemnity Agreements.

WHEREFORE, Great American Insurance Company prays for judgment against the Defendants, Burt Lewis, Inc., Joseph Stark and Katrina Stark in the amount of costs and fees incurred to date, and in the amount of any claim or demand by Lecoq that is paid under the terms of the Bonds, as well as the fees and costs incurred in addressing any such claim and in seeking recovery against the Defendants.

Date:

        GREAT AMERICAN INSURANCE COMPANY

        /s/ T.Scott Leo

        T. Scott Leo
        William S. Piper
        Grant Rougas
        sleo@leolawpc.com
        wpiper@leolawpc.com

grougas@leolawpc.com
Law Office of T. Scott Leo, P.C.
100 N. LaSalle St.
Suite 514
Chicago, Illinois 60606
Phone: 312-857-0910
